No. 39,221

ROGELIO RODRIGUEZ HIDALGO, *Appellant*, v. THE KANSAS MILLING COMPANY, a Corporation, et al., *Appellees.*

(269 P. 2d 1029)

Opinion filed May 8, 1954.

*C. H. Morris,* of Wichita, argued the cause, and *Robert F. Bailey* and *E. Lael Alkire,* all of Wichita, and *Jacob E. Heller,* of New York, were with him on the briefs for the appellant.

*Malcolm Miller,* of Wichita, argued the cause, and *George Siefkin, George B. Powers, Samuel E. Bartlett, Carl T. Smith, John F. Eberhardt, Stuart R. Carter, Robert C. Foulston, Robert N. Partridge,* and *Robert M. Siefkin,* all of Wichita, were with them on the briefs for the appellees, D. S. Jackman, Nora E. Jackman, David S. Jackman, Jr., Charles M. Jackman, II, John L. Jackman, R. W. MaGill, Deceased since action was commenced, Francis McKown, Ruth A. McKown, Frances MaGill, Alys Tatlock, Jack Rathbone, Geraldine Rathbone, John Novak, Vera Novak, Glen E. Fretzs and May Fretzs.

*Robert J. Hill,* of Wichita, argued the cause, and *Howard T. Fleeson, Homer V. Gooing, Wayne Coulson, Paul R. Kitch, Dale M. Stucky, Donald R. Newkirk, Gerrit H. Wormhoudt,* and *Theodore C. Geisert,* all of Wichita, were with him on the briefs for the appellees, The Kansas Milling Company and Moundridge Mill & Elevator Company, Inc.

The opinion of the court was delivered by

PARKER, J.: This is an appeal from orders sustaining demurrers to plaintiff's amended petition.

The plaintiff commenced the action by filing a petition in the district court of Sedgwick county on December 28, 1951. This pleading was attacked by divers motions to make its allegations more definite and certain in which the defendants sought to require

plaintiff to state whether the contract relied on for recovery was oral or written and, if written, to have the instrument attached to the petition and to give further particulars, of little importance to the issues involved, respecting its terms. At first such motions were sustained in part and overruled in part. Following these rulings plaintiff filed a supplement to the petition. Subsequently demurrers were filed charging the petition disclosed the action was barred by the statute of limitations. Thereafter, and notwithstanding its previous rulings, the court made an order sustaining all portions of the motions to make more definite and certain. Plaintiff then filed an amended petition. Certain of the defendants immediately demurred to this pleading on grounds it failed to state a cause of action and showed on its face the cause of action sued on was barred by the statute of limitations. Instead of demurring other defendants moved to make such pleading more definite and certain. When their motion was overruled they also demurred to such pleading on the same grounds assigned by their co-defendants. After a hearing the trial court sustained all such demurrers. Thereupon plaintiff perfected the instant appeal.

All parties agree the law of the forum governs and that the question of primary importance involved on appellate review is whether the cause of action relied on for recovery. in the amended petition is based on an oral agreement to which our three-year statute of limitations (G. S. 1949, 60-306, *Second*), is applicable or on a written agreement to which the five-year statute (G. S. 1949, 60-306, *First*) applies.

With commendable candor appellant's counsel concede the established rule (See Hatcher's Kansas Digest [Rev. Ed.], Limitation of Actions, § 189, and West's Kansas Digest, Limitation of Actions, §§ 180, 182) that a pleading which shows on its face the cause of action relied on is barred by the statute of limitations is demurrable for failure to state a cause of action. They also frankly admit that the instant action was commenced more than three years after his cause of action accrued and that therefore, if the contract as pleaded is held by this court to be oral, the trial court committed no error in overruling the demurrer to his amended petition on the ground it failed to state a cause of action because the right to relief therein claimed was barred by the three-year period of limitation.

The essence of all contentions advanced by appellant in support of his position on appeal is that his amended petition is subject to a

liberal construction, that when so construed its allegations do not affirmatively show that the contract relied on is oral, and that hence, under our decisions (see, e. g., *American Glycerin Co. v. Freeburne*, 157 Kan. 22, 138 P. 2d 468; *Lorey v. Cox*, 175 Kan. 66, 259 P. 2d 194), the demurrer was erroneously sustained. This, of course, requires an examination of the challenged pleading which, for present purposes, we think can be given a liberal construction notwithstanding there may be some merit to contentions advanced by appellees to the effect that under the confronting facts and circumstances it should be strictly construed. However it must be kept in mind that even when construing a pleading in such manner the liberal doctrine prevailing in this jurisdiction with respect to the sufficiency of its allegations when challenged by demurrer is not to be extended to the point where it requires an obviously erroneous construction of their meaning.

Nothing of material benefit would result from detailing the allegations of the lengthy amended petition which, we pause to note, are substantially the same as those of the original petition. Therefore, except for an occasional quotation of particular significance, we shall summarize such of the allegations of the involved pleading as are deemed essential to a disposition of the issue involved. Highly summarized they can be stated thus:

That on or about April 2, 1947, R. W. Alcorn and the A. L. Conder & Company, exporters and importers, representing appellees, the Kansas Milling Company and the Lawrence Milling Company, employed appellant as a commission agent to negotiate and handle the sale of one million bags of flour to the government of Sao Paulo, Brazil.

That "said employment was negotiated and consummated by oral conversations, cablegrams and writings carried on between" the two Milling Company appellees, Alcorn and Conder, and the appellant.

That "as a direct result of the writings and oral conversations as alleged herein, there was a meeting of the minds between the plaintiff and the defendants, the Kansas Milling Company, Inc., and the Lawrence Milling Company, a co-partnership on the proposition." And that by reason thereof appellant was to receive as compensation for his services, upon the completion of the sale of the flour the sum of fifteen cents per hundred weight commission of the total poundage of the flour sold.

That in furtherance of his employment as alleged appellant obtained a written order from the government of Sao Paulo, Brazil, for a quantity of flour, describing it, which order was approved by Alcorn as such appellees' agent.

That appellant firmly believes that as the direct and proximate result of his efforts a contract for the purchase of such flour was entered into between the appellees, last above named, and the government of Sao Paulo, Brazil, sometime prior to August, 1947, and that by virtue of his employment as alleged he became entitled to the commission theretofore agreed upon.

That by virtue of his employment appellant received payments aggregating $3,043.12 from appellees by various checks commencing with September, 1947, and ending in November or December of that year, but appellees have wrongfully failed, neglected, and refused to pay him the balance remaining due on his commission for the sale of such flour for which he is entitled to judgment.

In addition to the foregoing allegations appellant attached to and made a part of his petition several exhibits, all dated subsequent to the date fixed by him as the date on which the contract was entered into, none of which purport to set forth, detail or describe the terms and conditions of that agreement.

In the face of allegations such as have been heretofore related, particularly those specifically quoted, we have little difficulty in concluding that the most that can be said for the cause of action set forth in the petition from appellant's standpoint, giving it the benefit of every inference to which it may be entitled, is that it is based upon a contract which is written as to certain portions and oral as to others. Of a certainty since appellant himself deemed it necessary to make certain written instruments, subsequently executed, a part of his cause of action in order to establish the terms and conditions of the contract sued on it cannot be successfully argued that agreement when consummated, even if it be conceded there was some written memorandum evidencing its execution, was so full and complete that it did not require proof of extrinsic facts or, as sometimes otherwise expressed, evidence *aliunde* in order to round out its terms and conditions and supply the elements essential and necessary to the existence of a binding contract.

Under conditions and circumstances such as have just been outlined we think this court has decided, and is committed to the rule, that for purposes of determining application of the statute of limi-

tations a contract such as is here involved is to be considered and regarded as an oral contract, an action on which is governed by the limitation period governing oral contracts generally, *i. e.,* the *Second* subdivision of G. S. 1949, 60-306. See *Fairbanks v. Koelling,* 167 Kan. 361, 205 P. 2d 930, particularly what is stated and held on pages 364 and 365 of its opinion, including quotations from numerous well recognized textbooks and legal treatises to which we adhere and by reference make a part of this opinion. In addition to what is there stated and held see 34 Am. Jur., Limitation of Actions, 76, § 92, which reads:

"Limitation statutes customarily provide a period, frequently less than that for actions upon written contracts, for the commencement of actions upon contracts, obligations, or liabilities not founded upon instruments in writing. As has been noted, such a provision is applicable if the promise arises only upon proof of extrinsic facts, or if the agreement may be proved only by evidence aliunde, or if the liability sought to be enforced is imported into an agreement from some external source. It seems that it also applies if the agreement is partly oral and partly written. Thus, a letter assuming the existence of a previous contract and narrating what has been done under it, but not professing to be a statement of the whole contract in writing as previously made, nor professing to be itself the contemporaneous expression of a contract then being made, is not such evidence of an indebtedness in writing as is required to relieve the contract from the operation of the statute of limitations relating to written instruments, but leaves it to be governed by such statute relating to parol contracts."

Based on the foregoing authorities and what has been heretofore stated relating to concessions made by the parties respecting the appellate issue involved we are constrained to hold the trial court did not err in sustaining the demurrer to the amended petition.

The judgment is affirmed.