No. 42,023

ROSE M. FLYNN, *Appellee,* v. CHARLES ROBERT ALLEN, *Appellant.*

(358 P. 2d 734)

Opinion filed January 21, 1961.

*Murvyl M. Sullinger,* of Pittsburg, argued the cause, and *Davis S. Carson,* of Pittsburg, was with him on the briefs for the appellant.

*Perry Owsley,* of Pittsburg, argued the cause and was on the briefs for the appellee.

The opinion of the court was delivered by

ROBB, J.: This is an appeal from the trial court's order overruling defendant's general demurrer to plaintiff's petition for the wrongful death of her husband.

The petition was drawn to allege a cause of action under the first portion of G. S. 1949, 8-122b, commonly known as the "guest statute," which reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action. . . ."

Summarized the pertinent parts of the petition are that plaintiff's husband, Carroll M. Flynn, (fifty-three years of age) and defendant (twenty-two years of age) were both soldiers stationed at Fort Riley, Kansas. They were acquainted with each other as both had homes in Pittsburg. On February 21, 1959, at about 11:30 a. m.,

defendant contacted Flynn in the Fifth Army Garrison mess hall at Fort Riley and advised him that if he would pay the gas and oil to drive to Pittsburg, where Flynn could visit his wife, and return, defendant would transport him to Pittsburg in his father's car. Flynn advised defendant he did not have sufficient funds and upon defendant's suggestion it was agreed the trip would be made and the cost of gas and oil would be paid by Flynn on his next pay day. At 3:15 p. m. that same day as defendant and Flynn were traveling south on highway K-31 about four miles north of Harris, Kansas, an accident occurred which resulted in Flynn's death and since Flynn had not made the payment previously agreed upon, plaintiff in her petition tendered $10.00 to defendant therefor, which she believed represented the reasonable cost of gasoline and oil for a trip from Fort Riley to Pittsburg and return.

The only question for appellate review is whether the trial court erred in overruling defendant's demurrer to the petition.

Considering the allegations of the petition and the favorable inferences given them by the trial court in making its order overruling the demurrer, we are of the opinion the petition stated a cause of action because the payment promised by plaintiff's husband on his next pay day was not only the motivating cause but was the only cause for the trip being made from Fort Riley to Pittsburg by defendant and plaintiff's husband. A few of our recent decisions treating similar propositions and supporting the trial court's determination are *Srajer v. Schwartzman,* 164 Kan. 241, 247, 188 P. 2d 971; *Bedenbender v. Walls,* 177 Kan. 531, 280 P. 2d 630; *In re Estate of Dikeman,* 178 Kan. 188, 199, 284 P. 2d 622; and *Rupe v. Smith,* 181 Kan. 606, 313 P. 2d 293.

The conclusion is that the trial court correctly overruled the demurrer. Further consideration of defendant's other arguments and authorities shows they are not sufficient to require any change in that conclusion.

Affirmed.