No. 42,617

Rose M. Flynn, *Appellant,* v. Charles Robert Allen, *Appellee.*

(370 P. 2d 112)

Opinion filed April 7, 1962. 

*Perry Owsley,* of Pittsburg, argued the cause and was on the brief for the appellant.

*Murvyl M. Sullinger,* of Pittsburg, argued the cause, and *Davis S. Carson,* of Pittsburg, was with him on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This was an action by a widow for the wrongful death of her husband resulting from a one-car automobile accident.

Plaintiff's petition was drawn on the theory of *res ipsa loquitur*, and that her husband was a paying passenger in the car being driven by defendant. In a previous appeal (*Flynn v. Allen*, 187 Kan. 578, 358 P. 2d 734) it was held that the allegations of the petition on the question of plaintiff's husband being a paying passenger were sufficient as against a demurrer. The petition is summarized in the opinion of that case.

Defendant's answer denied that plaintiff's husband was a paying passenger; alleged that he was a guest and was guilty of contributory negligence; alleged that defendant was faced with an emergency; that he exercised due care under the circumstances, and that the death was a result of an unavoidable accident.

Plaintiff's reply denied allegations of the answer which were inconsistent with the petition.

Upon the issues thus joined the parties went to trial.

The jury returned a general verdict in favor of plaintiff for $5,000, and made special findings as follows:

"QUESTION No. 1: Do you find that Carroll M. Flynn agreed to buy the gasoline and oil for Charles Robert Allen on February 21, 1959?

"ANSWER: No.

"QUESTION No. 2: If you answer Question No. 1 'Yes,' did you find that this agreement to buy gas and oil was the motivating cause for Charles Robert Allen taking Carroll M. Flynn with him on February 21, 1959?

"QUESTION No. 3: What, if any, negligence do you find against Charles Robert Allen which was the proximate cause of the collision:

"If any negligence existed it was beyond his control by being distracted by being punched by the passenger.

"QUESTION No. 4: Do you find that Charles Robert Allen was confronted by a sudden emergency, without negligence on his part, as defined by the court's instructions?

"ANSWER: Yes.

"QUESTION No. 5: If you answer Question No. 4 'Yes,' did Charles Robert Allen do what a resonably careful man might do under the same or similar circumstances?

"ANSWER: Yes."

Defendant's motion for judgment on the special findings notwithstanding the general verdict was sustained.

Plaintiff's motion for a new trial—on statutory grounds—was denied.

Plaintiff appealed from the order sustaining defendant's motion for judgment on the special findings and from the order overruling her motion for a new trial.

The sole specification of error is that the court erred in overruling plaintiff's motion for a new trial.

The wrongful-death statute (G. S. 1961 Supp. 60-3203) provides that when the death of one is caused by the wrongful act or omission of another, an action therefor may be maintained against the wrongdoer if the deceased—had he lived—could have maintained an action against such wrongdoer for an injury for the same act or omission. It is clear, therefore, that plaintiff widow can maintain no action for damages for the death of her husband unless he, had he lived, could have maintained an action against defendant for the injury inflicted upon him.

Under the guest statute (G. S. 1949, 8-122b) one who is transported by the owner or operator of a motor vehicle as his guest, "without payment for such transportation," does not have a cause of action for damages against the owner or operator for injuries, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence on the part of such operator. (*Bedenbender v. Walls*, 177 Kan. 531, syl. 1, 280 P. 2d 630; *In re Estate of Dikeman*, 178 Kan. 188, syl. 1, 284 P. 2d 622.)

The petition did not allege—and it is not contended—that defendant was guilty of gross and wanton negligence. As previously stated, the petition alleged—and it is contended—that plaintiff's husband was a *paying passenger*, in which event recovery could be had regardless of the degree of negligence.

In special finding No. 1, above, the jury, on conflicting evidence as to that issue, found that he was *not* a paying passenger—that is to say—he occupied the status of a "guest," and plaintiff, under the mentioned statutes, could not recover absent gross and wanton negligence. The legal effect of that special finding was of course in conflict with the general verdict in favor of plaintiff. The concluding portion of the statute (G. S. 1949, 60-2918), providing for the submission of special questions to a jury, reads:

"When the special finding of facts is inconsistent with the general verdict, the former controls the latter, and the court may give judgment accordingly."

See also *Metzinger v. Subera*, 175 Kan. 542, 546, 266 P. 2d 287.

By virtue of the mentioned finding the court was fully authorized to enter judgment for defendant notwithstanding the general ver-

dict for plaintiff, and, insofar as this phase of the case is concerned, what has been said in effect disposes of this lawsuit.

We mention briefly, however, plaintiff's contention that from the answers to special questions it is obvious that the jury was prejudiced against her, and therefore she is entitled to a new trial. She concedes that the answer to special question No. 1, standing alone, would be a complete bar to her right of recovery, but contends that findings Nos. 3, 4 and 5 are without substantial basis in the evidence and clearly show bias and prejudice, particularly when viewed in the light of the "insufficient" general verdict in her favor.

From an examination of the record, however, we feel compelled to disagree. Juries frequently make special findings which are inconsistent with their general verdict. It is common knowledge that members of the same jury often draw wholly different inferences from the same facts, and that different juries might reach opposite conclusions from the same evidence. Nevertheless, in cases of this type the responsibility to determine the facts rests with the jury system. Plaintiff did not move to set aside any of the special findings. No error is predicated on the instructions and therefore it must be assumed the jury was fully and properly instructed on all issues in the case. The order sustaining defendant's motion for judgment on the special findings—although appealed from—is not specified as error. No error such as to require a reversal being made to appear, the trial court did not err in overruling plaintiff's motion for a new trial.

The judgment is affirmed.