No. 34,899

John LeClair, *Appellee,* v. Leo Hubert, *Appellant.* (R. M. Sawhill et al., *Defendants.*)

(107 P. 2d 703)

Opinion filed December 7, 1940.

*Charles A. Walsh,* of Concordia, for the appellant.

*Lee R. Stanford* and *Marvin O. Brummett,* both of Concordia, for the appellee.

The opinion of the court was delivered by

Dawson, C. J.: This is an appeal from a judgment overruling defendant's demurrer to plaintiff's third amended petition in which he sought to state a cause of damages for negligence in the operation of a truck in the cab of which plaintiff was riding beside the defendant driver when the truck collided with an automobile at a crossroads intersection.

The pertinent facts were these: The defendant, Leo Hubert, of Concordia, is a contract carrier and operates a half-ton truck under a permit issued by the state corporation commission. Sometime prior to July 15, 1939, Montgomery Ward & Company, which operates a mercantile establishment in Concordia, had made a deal with a farmer residing near Glasco to affix rubber tires to his tractor wheels; and the mercantile company hired Hubert to bring the tractor wheels to Concordia for that purpose. The company sent the plaintiff LeClair, its own employee, along with Hubert to assist him in loading the tractor wheels.

Accordingly on July 15, 1939, plaintiff and defendant went to a farm near Glasco and loaded the four 600-pound tractor wheels into defendant's truck and started eastward towards Concordia. At a

crossroads intersection the truck collided with an automobile which came from the south, driven by one Sawhill. The occupants of both vehicles were injured.

Plaintiff brought this action for damages against Hubert and his insurance carrier. He also joined Sawhill as defendant, but our only present concern is whether plaintiff stated a cause of action for negligence against Hubert, his fellow occupant of the truck.

Plaintiff's several petitions were subjected to various motions which were disposed of as shown by journal entries in the record, in one of which it is recited that—

"The plaintiff admitted in open court that he never paid Leo Hubert any fare, money, goods, or other thing of value as a passenger or occupant of said truck at the time and place of the alleged accident."

In plaintiff's third amended petition the pertinent facts were set out at length, and it was alleged that both vehicles were being driven at excessive speed at the time of the collision, that at the approaches to the intersection their range of vision was shortened by a dense hedge and growth of weeds, that neither driver reduced his speed, that neither sounded a warning, nor kept a lookout, and that they failed to apply their brakes, and failed to exercise ordinary care under the circumstances.

Plaintiff also alleged that pursuant to the request of his employer, Montgomery Ward & Company—

"Said plaintiff did accompany said defendant, Leo Hubert, to said farm near Glasco, Kan., and did aid, assist and help him in loading said large iron tractor wheels in said truck; and that by reason thereof, said defendant, Leo Hubert, received help, aid and assistance in loading and transporting said tractor wheels."

Defendant lodged a motion to make plaintiff's third amended petition definite and certain in various particulars. This motion was overruled, and he then filed a demurrer, which was likewise overruled. Hence this appeal.

Counsel for both parties seem to agree that the correctness of the trial court's judgment depends on the status of plaintiff while riding in defendant's truck at the time of the collision and his consequent injury. Was plaintiff a guest? If so, counsel for plaintiff concede that the facts alleged would not make out a case of wanton negligence so as to render defendant liable under the guest statute. (G. S. 1935, 8-122b; *Donelan v. Wright,* 148 Kan. 287, 81 P. 2d 50; *Morgan v. Anderson,* 149 Kan. 814, 89 P. 2d 866.) Was plaintiff a passenger? Counsel for appellee insist that such was his status

under the doctrine of our recent case of *Elliott v. Behner*, 146 Kan. 827, 73 P. 2d 1116, and analogous cases cited in that opinion.

Was plaintiff a passenger in defendant's truck? Not the usual sort of passenger, of course, so as to put him in the privileged position of a cash-paying passenger. But plaintiff alleged and defendant's demurrer conceded that plaintiff accompanied defendant in the truck to assist defendant in loading the heavy tractor wheels. Thus defendant did receive some consideration for plaintiff's transportation. In *Albrecht v. Safeway Stores, Inc.*, 159 Ore. 331, 80 P. 2d 62, the plaintiff accompanied defendant on an automobile journey, because the latter "wanted [him] to go along—he might need some help." A collision occurred, for which the defendant and others were negligently responsible. It was held that the Oregon guest statute, which is much like our own, did not exempt the driver from liability. One paragraph of the syllabus, in part, reads:

"The determination of whether an automobile occupant has made payment for his transportation . . . depends on whether some substantial benefit has been conferred on the owner."

So, without attempting to define plaintiff's status either as a guest or as a passenger, certain it is that his presence in the truck under the particular circumstances imposed a duty on defendant to operate the truck with due care, and the want of such care, if proved as alleged, and if no sufficient defense is pleaded and proved after the issues are fully joined, will subject defendant to liability. (*Peters v. Johnson et al.*, 124 Ore. 237, 264 Pac. 459; *Crawford v. Foster*, 110 Cal. App. 81, 293 Pac. 841.) Such was the holding of this court in the analogous case of *Elliott v. Behner*, supra, where a number of workmen employed by Montgomery county were riding to their homes in the county's truck at the close of their day's work. One of the workmen, Behner, drove the truck, and negligently collided with a stick of timber which projected from another truck parked on the highway. Elliott, another of the workmen who was riding in the county's truck, was struck and killed in the accident. Elliott's widow brought an action from the wrongful death of her husband, charging Behner with negligence. We held that Elliott was not a mere guest, that Behner did receive some compensation, to wit, his own homeward-bound transportation, and that the transportation of Elliott was not purely gratuitous; and even if Behner and Elliott had been engaged in a joint enterprise it would not preclude Elliott's widow from recovering damages from Behner for the latter's negligent driving.

In *George v. Stanfield*, 33 F. Supp. 486, the action was for damages sustained by plaintiff for injuries sustained in a motorcar accident caused by the negligent driving of the vehicle by the defendant. Plaintiff was riding in the vehicle at defendant's request, merely to show the latter a particular place. Plaintiff prevailed: In the opinion the court said:

"Under such circumstances the request of the defendant was not just an invitation to ride in the automobile as an accommodation to the plaintiff, but was the desire of the defendant for the plaintiff to ride in his automobile and to assist him in carrying out the business journey, which was done at the direct request of the defendant, and for no other purpose than to assist him and for his benefit in carrying out a business journey. . . . And the defendant was under such circumstances required to use ordinary care necessary under the circumstances to prevent injury to the plaintiff, which was not exercised by him, for as has been said, he was operating his automobile at an excessive rate of speed upon a slippery highway . . ." (pp. 489, 490.)

If plaintiff and defendant be regarded as fellow servants of Montgomery Ward & Company, that fact would not affect plaintiff's right of redress against defendant. The fellow-servant doctrine does not enter into cases in which the master is not concerned. (See *Greer v. Pierce*, 167 Miss. 65, 147 So. 303, and the sequel thereto in *Continental Gas Co. v. Pierce*, 170 Miss. 67, 154 So. 279.)

The judgment is affirmed.