No. 38,050

Loren P. Sparks, *Appellant,* v. W. H. Getz, *Appellee.*

(225 P. 2d 106)

Opinion filed December 9, 1950.

*Roscoe W. Graves,* of Emporia, argued the cause, and was on the briefs for the appellant.

*LeRoy W. Raynolds,* of Emporia, argued the cause, and was on the briefs for the appellee.

The opinion of the court was delivered by

Wedell, J.: This was an action by a person riding in an automobile against the owner and driver thereof to recover damages for personal injuries sustained as the result of a collision with another vehicle. The trial court sustained defendant's demurrer to plaintiff's petition and from that ruling plaintiff appeals.

The pertinent part of the petition involved in the ruling is brief. It reads:

"That on July 28, 1948, and for some time prior thereto, plaintiff and defendant were employed by the Santa Fe Railway Company out of Emporia,

Kansas, and worked together on the same crew. Plaintiff and defendant entered into an agreement on or about the 18th day of July, 1948, whereby each agreed to transport the other to and from work in his automobile on alternate dates, *in order to save the expense of both of them driving their automobiles to work every day.* Such agreement was put into operation immediately thereafter, and pursuant to the agreement, on July 28, 1948, plaintiff was riding home from work in the defendant's automobile." (Our italics.)

Thereafter the petition narrated the acts of appellee's alleged negligence on July 28, 1948, in running into another automobile parked along the curb in the city of Emporia on the return from the day's work. The trial court sustained defendant's general demurrer on the ground the petition disclosed plaintiff was a guest of the defendant as contemplated by our guest statute, G. S. 1935, 8-122b, which reads:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, without payment for such transportation, shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle."

Appellant filed the action on the theory he was a passenger rather than a guest and contends the agreement of the parties discloses payment for his transportation and removes the action from the operation of the guest statute. Holding this view appellant alleged only negligence instead of gross and wanton negligence on the part of appellee as would be required if he attempted to recover as a guest.

The real question presented is confined within narrow limits. It is whether the allegations of the petition are tantamount to an assertion appellee received payment for the transportation he furnished to appellant. We are not concerned presently with what the evidence on the trial may be but only with the allegations of the petition. In substance those allegations are that a transportation agreement, a contract, was entered into by and between the parties. The agreement does not pertain to transportation for mutual pleasure, companionship, accommodation or the like but to transportation of the parties to a place of work outside the city of Emporia. The petition expressly alleges a single and definite motivating cause, or purpose, for the agreement. It states the agreement was entered into "in order to save the expense of both of them driving their automobiles to work every day."

Can it be said, as a matter of law, the saving of such expenses by

each of them did not constitute payment for the transportation furnished by one to the other? It need not be demonstrated here that it requires money to own and operate an automobile. Both parties owned automobiles but it was unnecessary for both to operate them if they could agree on a reciprocal method of transportation to and from their employment. Under the alleged agreement each could save the other fifty percent of the operating expense of his car including the cost of repairs, tires, gasoline and oil. That such a saving is a substantial consideration for a contract need not be debated, especially in view of present day costs.

The demurrer admits the parties entered into such a money saving contract. Had the costs of transportation been calculated and each had paid such amount on alternate days to the other it scarcely would be contended there was no payment for transportation. Did the equivalent contract nullify the element of payment? We do not think so. It also may be well to observe this was not an action to recover damages for a breach of contract or for specific performance thereof in the future. This agreement had been mutually executed until the date of the unfortunate accident. The demurrer admits the contract had been performed for a period of eleven days and that appellee had received the benefits of appellant's performance on each alternate day.

Payment for transportation within the meaning of the guest statute precludes classifying a person riding in the automobile as a guest. Payment, however, need not be in money but may consist in some substantial benefit conferred on the owner or operator of the vehicle. It is sufficient to constitute payment if some substantial consideration moves to the owner or operator of the vehicle. ( *Elliott v. Behner,* 146 Kan. 827, 73 P. 2d 1116; *LeClair v. Hubert,* 152 Kan. 706, 708, 107 P. 2d 703; *Pilcher v. Erny,* 155 Kan. 257, 260, 124 P. 2d 461; *Srajer v. Schwartzman,* 164 Kan. 241, 246, 188 P. 2d 971.) What consideration constitutes payment is fully discussed in the foregoing cases and lengthy quotation therefrom is unnecessary.

In *Elliott v. Behner,* supra, a number of workmen employed by Montgomery county were riding to their homes in the county's truck at the close of their day's work. One of the workmen, Behner, the defendant, drove the truck and negligently collided with a stick of timber which projected from another truck parked on the highway. Elliott, another of the workmen who was riding in the county's truck, was struck and killed in the accident. Elliott's widow brought an

action for the wrongful death of her husband, charging Behner with negligence. We held Elliott was not a mere guest, that Behner did receive some compensation, to wit, his homeward bound transportation, and that the transportation of Elliot was not purely gratuitous. In the opinion it was also said:

"It seems clear that where the driver receives compensation, the passenger is not a guest. While the defendant, Behner, received no extra compensation for driving the car, he did secure transportation to and from his home in Cherryvale. This was a material compensation to him. It was not necessary the consideration pass from the passenger to the driver." (pp. 830, 831.)

In *LeClair v. Hubert,* supra, the demurrer to plaintiff's petition conceded that plaintiff accompanied the defendant in his truck to assist the defendant in loading heavy tractor wheels. We concluded the demurrer conceded defendant received some consideration for plaintiff's transportation and determined plaintiff was not a guest. In the LeClair case we reaffirmed what was said in the Elliott case relative to the kind and character of compensation for transportation which would take a case out of the guest statute. We there also quoted with approval from *Albrecht v. Safeway Stores, Inc.,* 159 Ore. 331, 80 P. 2d 62, in which it was held:

" 'The determination of whether an automobile occupant has made payment for his transportation . . . depends on whether some substantial benefit has been conferred on the owner.' " (p. 708.)

In the Srajer case, *supra,* it was held:

"Within the meaning of the guest statute (G. S. 1935, 8-122b) 'payment' for the transportation sufficient to preclude classification of the passenger as a 'guest' need not be a payment in money, but it must constitute a benefit or advantage to the owner or operator which is a substantial consideration, motivating and not merely incidental in character." (Syl. ¶ 2.)

In the Pilcher case, *supra,* we quoted with approval from *Ark Valley Cooperative Rural Elec. Co. v. Elkins,* 200 Ark. 883, 891, 141 S. W. 2d 538, where it was held an important element is the identity of the persons advantaged by the carriage, and if the carriage tends to the promotion of mutual interests, of both passenger and driver, or if it is primarily for the attainment of some objective or purpose of the driver, the passenger is not a guest within the statute.

Although the authorities are somewhat divided with respect to what constitutes payment our decisions on that point are in harmony with respectable authority elsewhere as will appear from an examination of A. L. R. annotations to be referred to presently. For a col-

lection and discussion of the subject of who is a guest within the contemplation of the guest statute, see annotations in 82 A. L. R. 1365 and 95 A. L. R. 1180. In view of the single motivating purpose of the arrangement alleged in this petition we are not concerned with decisions pertaining to similar arrangements for pleasure, accommodation, companionship and the like, as distinguished from a business trip, and, of course, express no views thereon.

The arrangement pleaded under the agreement alleged in the instant case is commonly referred to as a "share-a-ride" arrangement. It frankly should be stated the decisions involving "share-a-ride" arrangements for business purposes are not in complete harmony. In some of them the facts vary more or less. A careful reading of some of them tends to indicate the conflict is not as real as first impressions would indicate. Many of the "share-a-ride" cases are discussed in an annotation at 146 A. L. R. 640 and in a supplemental annotation on the same subject in 161 A. L. R. 917. See, also, *Everett v. Burg*, 301 Mich. 734, 4 N. W. 2d 63, 146 A. L. R. 639, and *Coerver v. Haab*, 23 Wn. 2d 481, 161 P. 2d 194, 161 A. L. R. 909. We think it safely may be said the weight of authority, at least numerically, is that a person occupying the position of appellant in the instant case is a passenger and not a guest in contemplation of guest statutes substantially the same as ours. The facts of the particular cases contained in these annotations and the reasoning of the courts are all set forth in the annotations and need not be repeated here. In view of the allegations of the instant petition concerning the single motivating cause for the agreement, which the demurrer concedes, we think it cannot be said appellee received no payment for transporting appellant.

Having concluded the petition alleged facts which disclose appellant was a passenger rather than a guest, we hold the petition stated a cause of action without alleging gross and wanton negligence.

The order sustaining the demurrer to the petition is reversed.