No. 44,271

EARL LIGHTCAP, JR., *Appellee*, v. WILLIAM WAYNE METTLING, *Appellant.*

(409 P. 2d 792)

Opinion filed January 22, 1966.

*Jerry M. Ward,* of Great Bend, argued the cause, and *Tudor W. Hampton* and *Herb Rohleder,* both of Great Bend, were with him on the brief for appellant.

*Rae E. Batt,* of Kinsley, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

PRICE, J.: This is an action to recover for injuries sustained in an automobile collision. The action is against the driver of the car in which plaintiff was riding. Defendant has appealed from an adverse judgment.

There is no particular dispute as to just what happened.

Plaintiff resides in Offerle, and was engaged in farming. Defendant lived in Kinsley, and was a school teacher. For sometime they had worked as a "team" in officiating at high school basketball games in the area. For this work each was paid $15.00 per game. They also received travel allowance of 15 cents per mile, one way, for one car. Their custom was to alternate in the use of their cars. Whoever drove his car received the mileage. On February 23, 1962, they were to "work" a game at Burdett. It had been arranged that defendant would drive his car that evening, and about five o'clock he picked up plaintiff and they started for Burdett.

While proceeding in a northerly direction defendant stopped his car at the intersection with an east-west highway. There was

a rise to the east of the intersection for about 600 feet which obscured the view at the intersection of a car approaching from the east. Seeing no car approaching, defendant started to drive through the intersection. While in the intersection plaintiff saw a car coming from the east and yelled—"Watch it, Wayne." The westbound car was then only 200 to 300 feet away. Defendant, instead of driving on through the intersection—stopped, and proceeded to back up. The result was that the west-bound car, driven by a Mr. Soukup, struck defendant's car on its right side. Plaintiff sustained injuries, and brought this action to recover damages in the amount of $32,751.81. His petition charged defendant with negligence in failing to keep a proper look-out for other vehicles, in failing to yield the right-of-way to Soukup who was operating his car in a lawful manner, in failing to proceed on to the north in order to clear the highway for oncoming traffic, and in stopping his car and backing up.

Defendant's answer denied generally, and alleged that plaintiff was riding with him as a "guest" and therefore could recover only if defendant was guilty of gross and wanton negligence—which was denied. The answer further alleged that plaintiff's injuries were solely and proximately caused by the negligence of Soukup— the driver of the car which approached from the east—and that if defendant was guilty of any act of negligence plaintiff was careless and negligent in failing to keep a proper lookout for other vehicles using the highway, in failing to warn defendant of the approach of the car driven by Soukup and in making no protest concerning the crossing of the intersection by defendant.

Plaintiff's action was brought and tried on the theory that at the time and place in question he and defendant were engaged in a joint enterprise." He concedes that gross and wanton negligence was neither pleaded nor shown by the evidence.

At the conclusion of the trial the jury returned a general verdict for plaintiff for $6,201.81 and made special findings as follows:

"1. Could the plaintiff and defendant have seen the Soukup car as they pulled away from the stop sign?

ANSWER: No.

"2. Did the driver of the defendant's car have the sole right to determine the route to be taken to arrive at their destination?

ANSWER: No.

"3. Did the defendant with his car have the final decision as to the operation of the car and route to be taken?

ANSWER: No.

"4. Did the defendant receive any payment from plaintiff for riding in the defendant's car?

ANSWER: Yes."

Defendant has appealed.

His first three points are to the effect the petition and evidence failed to remove the action from the "guest statute" (K. S. A. 8-122b) which in substance provides that no person who is transported by the owner or operator of a motor vehicle as his guest without payment for such transportation shall have a cause of action for damages against such owner or operator for injuries unless such injury shall have resulted from the gross and wanton negligence of the operator of such motor vehicle. The contention is that defendant received no "payment for such transportation," therefore plaintiff was riding as a "guest"—and gross and wanton negligence neither being pleaded nor established by the evidence—he cannot recover.

The question as to what constitutes "payment" within the meaning of the guest statute has been before this court many times and what has been said and held in the numerous decisions need not be repeated here. Whether the payment is directly from the rider to the driver is immaterial. It is undisputed that defendant was to receive 15 cents per mile, one way, for the trip in question, the payment to come from the competing high schools or like source. Within the meaning of the statute plaintiff was not a guest—therefore ordinary negligence would support recovery. For a discussion of the question see *Elliott v. Behner*, 146 Kan. 827, Syl. 3, 73 P. 2d 1116; *Shanks v. Gilkinson*, 177 Kan. 225, 229, 277 P. 2d 594; *Bedenbender v. Walls*, 177 Kan. 531, 280 P. 2d 630; *Ehrsam v. Borgen*, 185 Kan. 776, 347 P. 2d 260, and also *Sparks v. Getz*, 170 Kan. 287, 225 P. 2d 106, in which a number of earlier cases are reviewed.

Having concluded that plaintiff was not a guest we pass to the matter of "joint enterprise"—which is argued at considerable length by both parties. Plaintiff's contention that the parties were engaged in a joint enterprise appears to be for the purpose of showing that he was not a guest—while defendant appears to contend that if they were engaged in a joint enterprise then any negligence of defendant is to be imputed to plaintiff—thus barring recovery.

At the outset it is to be kept in mind this is not an action by plaintiff against a third party. The question as to what constitutes a joint enterprise between parties so that—as affecting a *third* party defendant—the negligence of one is to be imputed to the other—

is discussed at length in *Schmid v. Eslick,* 181 Kan. 997, 317 P. 2d 459, and *Hunter v. Brand,* 186 Kan. 415, 350 P. 2d 805.

Here, however, we have a different situation. Assuming for the sake of argument that plaintiff and defendant were engaged in a joint enterprise—(as apparently found by the jury in the second and third special findings, above) such fact would not in and of itself preclude plaintiff from recovery against defendant—provided of course he was not guilty of contributory negligence. The general rule is stated in 8 Am Jur 2d, Automobiles and Highway Traffic, § 681, p. 233:

"The negligence of one member of a joint enterprise driving a motor vehicle may not be imputed to another member of the joint enterprise, riding with him, for the purpose of precluding liability of the former to the latter for personal injuries resulting from the negligent operation of the vehicle. In other words, where one joint adventurer is guilty of a tortious act in the operation of a motor vehicle to the damage of an associate in the joint adventure, he must respond in damages."

Also see Annotations at 62 A. L. R. 440 at p. 442, and 85 A. L. R. 630 at p. 632.

The general rule is followed in this state. In *Elliott v. Behner,* 146 Kan. 827, 73 P. 2d 1116, it was held:

"Assuming that the driver and other occupants of a truck are engaged in a joint enterprise, it would not preclude one of them from recovering damages from the driver for injuries sustained through the latter's negligent driving. The doctrine of imputed negligence has no application in such action." (Syl. 4.)

Attention also is called to a discussion of the question beginning on page 831 of the opinion where this court quoted with approval language in a case from the state of Washington to the effect that when the action is brought by one member of the enterprise against another there is no place to apply the doctrine of imputed negligence; that to do so would be to permit one guilty of negligence to take refuge behind his own wrong, and that the situation when the action is brought by one member of the enterprise against the other is entirely different from that when recovery is sought against a third person. Also see the *Bedenbender* case, above, at page 535.

A number of contentions are made which, in view of the evidence, the general and special verdicts, and our conclusions just stated— require no discussion. Under our many decisions plaintiff was not a guest—and even though it be assumed that he and defendant were engaged in a joint enterprise the negligence of defendant

would not be imputed to him. Inherent in the general verdict for plaintiff is a finding of negligence on the part of defendant. Special finding No. 1, above, would appear to absolve plaintiff of contributory negligence.

K. S. A. 60-261 provides that no error in either the admission or exclusion of evidence and no error or defect in any ruling or order or in anything done or omitted by the court, or by any of the parties, is ground for granting a new trial or for setting aside a verdict or otherwise disturbing a judgment, unless refusal to take such action appears to the court inconsistent with substantial justice. The section further admonishes a trial court to disregard any error or defect in the proceeding which does not affect the substantial rights of the parties.

K. S. A. 60-2105 long has been the law of this state (see G. S. 1949, 60-3317), and directs that on appeal this court is to disregard all mere technical errors and irregularities which do not affirmatively appear to have prejudically affected the substantial rights of the party complaining, where it appears from the whole record that substantial justice has been done by the judgment of the trial court.

Examination of the record in this case discloses no error which may be said to be inconsistent with substantial justice or which may be said to have prejudically affected the substantial rights of defendant.

The judgment is affirmed.