No. 45,807

Cheryl Rothwell, *Appellant,* v. Patricia A. Transmeier, *Appellee.*

(477 P. 2d 960)

Opinion filed December 12, 1970.

*Fred N. Six,* of Barber, Emerson and Six, of Lawrence, argued the cause and was on the brief for the appellant.

*George V. Allen,* of Lawrence, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

SCHROEDER, J.: This is an appeal in an action brought by the plaintiff for damages sustained as a result of personal injuries received while riding as a passenger in an automobile driven by the defendant. Only simple negligence was alleged in the petition, and the trial court sustained the defendant's motion for summary judgment on the ground the plaintiff was a guest and barred from recovery under K. S. A. 8-122b.

The only issue before the district court and on appeal to this court is whether the plaintiff was a guest under the above statute.

The automobile collision in which Cheryl Rothwell (plaintiff-appellant) was injured occurred on January 4, 1966, on West Sixth Street in Lawrence, Kansas. The appellant was a married woman twenty-one years of age and lived in Lawrence.

The defendant-appellee, Patricia A. Wempe, was single at the time but is now married, her name being Patricia A. Transmeier.

The motion for summary judgment was submitted to the trial court on the petition and answer, together with the deposition testimony of the appellant, which the appellee filed to prove the status of the appellant to be that of a guest.

The facts upon which the issue is to be determined are submitted in the record in the form of an agreed narrative statement of the deposition testimony of the appellant, Cheryl Rothwell. The original petition herein was filed March 28, 1967, and the amended petition was filed October 25, 1968. The deposition is dated October 19, 1968.

The material facts, in addition to those heretofore stated, as taken from the deposition, are that the appellant's husband was attending night classes in Topeka, Kansas, on Tuesdays and Thursdays as a requirement for a journeyman's electrician card. The appellant did not like to stay home by herself on these evenings, and on the day in question her husband was away attending night school. The appellee called the appellant's home between 6:15 and 6:30 and requested the appellant to help the appellee wash

her car. The appellant hesitated, but then the appellee "asked me to please help her wash her car, and I said okay."

It was a regular practice for the appellee to come by the appellant's house on the evenings that her husband was in Topeka, and the two women would go out together. The appellant said "and then it proceeded that I was just an accompaniment to go with her so she wouldn't be by herself to find Cecil, and I stopped going out with her regularly."

On the evening in question the two women were together, and the appellee drove into the car wash on West Sixth Street in Lawrence and they jointly cleaned the automobile. The appellee had no dimes to operate the vacuum cleaner so the appellant supplied a couple of her dimes for this purpose.

On the particular night in question the appellant decided to help the appellee wash her car because the appellee had helped the appellant wash her car a lot of times, and she thought she owed her this.

After cleaning the car the appellee drove down Sixth Street, and while wiping a smudge off the windshield collided with a car that had stopped with its turn signal on to make a left turn. As a result of the collision the appellant's right leg was broken between the knee and the hip and she had complications resulting therefrom.

After the two women had gotten together and were proceeding to the car wash on the evening in question, the appellee informed the appellant she had a bet with her boy friend, Cecil Transmeier, whom she later married, that she could not completely clean the inside and outside of her automobile. The appellant knew that after the car washing the destination of the appellee would be to find Cecil Transmeier. The appellee would drive around in Lawrence in the usual routine manner until Cecil was found; then she would take the appellant home, as had been the custom in the past. The appellant in her deposition testified:

"The defendant knew where she was going because each time she used the plaintiff in looking for Cecil, she took the plaintiff home after he was found. The plaintiff was quite positive where she would end up. She would end up home by herself after Cecil had been found, because this happened each and every time she was with the defendant. The defendant's main objective in having the plaintiff, Mrs. Rothwell, along was to have another girl companion, as the defendant did not think it looked nice for a girl to be out looking for her boy friend alone. The defendant would not go by herself to find Cecil,

and so she used the plaintiff. The plaintiff was her only friend, and plaintiff was necessary to accomplish the defendant's objective."

The appellant had previously enjoyed the appellee's company, until the appellee started the routine of using the appellant for the purpose of finding her boy friend and then bringing the appellant home.

With reference to being at home alone at night, the appellant stated:

"Q. Do you dislike being alone at home at night?
"A. I would dislike it if I had no friend to be with, yes. I would dislike it not knowing I would be with a friend, but when I am just being used I would rather be just at home by myself because my husband wasn't gone that long, he was always home before I went to bed."

The trip in question and other trips were not occasions for common errands for the appellant and the appellee. The appellant did not do any shopping for clothes or groceries on the nights she was with the appellee.

The appellant first contends the trial court erred in sustaining the appellee's motion for summary judgment because the deposition testimony of the appellant shows that a genuine issue of material fact exists on the guest/non-guest question.

Since the enactment of K. S. A. 60-256 (c) this court has consistently adhered to the rule that a motion for summary judgment under the provisions thereof is to be sustained only where the record shows there is no genuine issue as to any material fact. (*Supreme Petroleum, Inc. v. Briggs,* 199 Kan. 669, 678, 433 P. 2d 373.) It is unnecessary to reiterate the rules applied in reviewing an appeal from an order of the trial court sustaining a motion for summary judgment because this has been done numerous times. (*Brick v. City of Wichita,* 195 Kan. 206, 403 P. 2d 964; *Secrist v. Turley,* 196 Kan. 572, 412 P. 2d 976; *Shehi v. Southwest Rentals, Inc.,* 199 Kan. 265, 428 P. 2d 838; and *West v. Prairie State Bank,* 200 Kan. 263, 436 P. 2d 402.)

The most recent case defining "a genuine issue as to any material fact" is *Smith v. Engel,* 206 Kan. 298, 477 P. 2d 937.

Here the appellant is entitled to the benefit of all reasonable inferences that may be drawn from the facts under consideration. (*Supreme Petroleum, Inc. v. Briggs,* supra.) On the record presented the only evidence before the district court was the sworn deposition testimony of the appellant herself. Therefore, after giving the appellant the benefit of all inferences and resolving all ma-

terial and reasonable issues of doubt in her favor, is there any basis in law upon which a jury could find in favor of the appellant?

Was the appellant a guest in the automobile driven by the appellee at the moment of the collision in question? The history of K. S. A. 8-122b and the rules to be applied thereunder to determine whether a passenger in a vehicle is a guest on a given occasion have been stated in three well written recent opinions. They are: *Bedenbender v. Walls,* 177 Kan. 531, 280 P. 2d 630; *Lloyd v. Runge,* 186 Kan. 54, 348 P. 2d 594; and *Gorelick v. Ernstein,* 200 Kan. 619, 438 P. 2d 93.

No effort will be made to reiterate a review of the Kansas law under the guest statute which has been so aptly stated in these opinions.

Under K. S. A. 8-122b our decisions have borrowed from the Restatement of Torts to define the word "guest." It is said the word "guest" is used to denote one whom the owner or possessor of a motor car or other vehicle invites or permits to ride with him as a gratuity, that is, without any financial return except such slight benefits as it is customary to extend as part of the ordinary courtesies of the road. (Restatement, Second, Torts, § 490, Comment *a*, p. 546; and *Gorelick v. Ernstein,* supra.)

It also seems clear that where the driver receives compensation, the passenger is not a guest. (*Elliott v. Behner,* 146 Kan. 827, 73 P. 2d 1116; *Lightcap v. Mettling,* 196 Kan. 124, 409 P. 2d 792; and *Gorelick v. Ernstein,* supra.)

Compensation, however, need not consist of money. Any substantial benefit accruing directly to the driver from the transportation of his passenger will be sufficient if it be motivating and not merely incidental in character. (*Sparks v. Getz,* 170 Kan. 287, 225 P. 2d 106; *Van Royen v. Osborn,* 181 Kan. 39, 309 P. 2d 630; *Gorelick v. Ernstein,* supra; and *Bedenbender v. Walls,* supra.)

In determining the question whether a person is or is not a "guest" within the meaning of the statute, among the many elements to be considered are the identity and relationship of the parties; the circumstances of the transportation; the nature, type and amount of "payment"; the benefits or advantages resulting to the respective parties growing out of the transportation; whether the "payment" of whatever nature constituted a tangible benefit to the operator and was the motivating influence for furnishing the transportation; and the nature and purpose of the trip. (*Bedenbender v. Walls,* supra, Syl. ¶ 4.)

In *Bedenbender v. Walls, s*upra, it was said:

"Despite certain fundamental principles running through the decisions, such as the definition of 'payment' (*Srajer v. Schwartzman,* 164 Kan. 241, 188 P. 2d 971), the chief motivating reason for plaintiff being in defendant's automobile (*Vogrin v. Bigger,* 159 Kan. 271, 154 P. 2d 111), and the identity and relationship of the persons advantaged by the transportation (*Pilcher v. Erny,* 155 Kan. 257, 124 P. 2d 461), the fact remains that in the over-all picture the court has found it necessary to decide each case upon its own factual background. . . ." (p. 536.)

The general statement has been made in our opinions more than once that where the transportation tends to promote the common interest of passenger and driver, or where it is primarily to promote the interest of the driver, the passenger is not a guest within the meaning of the guest statute. (*Cope v. Radford,* 191 Kan. 617, 383 P. 2d 563, and cases cited therein; and *Gorelick v. Ernstein,* supra.) But the foregoing generalized statement bears scrutiny when analyzed in the light of our decisions.

Cases in which the passenger is in some way connected with and furthers the *employment* or *business* of the defendant hold that the passenger is not a guest. These include cases where the transportation furnished by the defendant is for the promotion of the mutual interest of the parties. (See *Pilcher v. Erny,* 155 Kan. 257, 124 P. 2d 461; *George v. Stanfield* [D. Ida. 1940] 33 F. Supp. 486; *Lloyd v. Runge,* supra; and *LeClair v. Hubert,* 152 Kan. 706, 107 P. 2d 703.)

Under our decisions furthering the mutual interests of the parties is not necessarily sufficient to remove the passenger from the status of a guest. It depends upon whether the interest is substantial or tangible. Where the benefit to the driver involves his occupation or business, it has been said to be substantial or tangible. This may be illustrated by cases which hold conversely—where the benefit to the driver is not substantial or tangible, but is trifling and unimportant. In this category is *Bedenbender v. Walls,* supra. There the plaintiffs, husband and wife, and the defendant and his wife had been personal and social friends for years. They particularly enjoyed taking hunting trips together, and had done so on numerous occasions alternating in the use of their automobiles. They had an understanding or agreement to the effect that when they drove defendant's car plaintiff husband would pay for gas, oil and meals for the four of them enroute, and *vice versa.* This practice had been adhered to in the past. In the fall of 1951 the parties decided

to go on a pheasant hunting trip to Nebraska. It was mutually understood and agreed they would adhere to their past arrrangements with respect to the payment of expenses above mentioned. They adhered to this agreement, and in the course of the journey had an accident in which the plaintiffs sustained personal injuries. Clearly, there was some benefit to the defendant in this arrangement; however, it was held to be a "reciprocal hospitality and social courtesy between friends when the undertaking is for the mutual social pleasure of the parties concerned. There was no relationship of mutual benefit between or among them other than of a social nature." (177 Kan., at p. 538.)

Similarly, in the case of *In re Estate of Dikeman,* 178 Kan. 188, 284 P. 2d 622, the defendant agreed with the plaintiff to transport the plaintiff to Topeka from Pratt, Kansas, for a lodge meeting in consideration of the plaintiff's paying a reasonable sum for such transportation. Admittedly, there would be some benefit to the defendant by reason of this payment, but here again the court held the plaintiff to be a guest since the one and only cause for the trip was a common social venture purely for pleasure.

We have been cited to no Kansas case, and our research has disclosed none, which holds that a benefit to the driver or mutual benefit to the driver and. the passenger has been sufficient to permit the passenger plaintiff to escape the guest statute, unless some business aspect was present. Social benefits and pleasures, whether mutual or otherwise, have been held insufficient to escape the guest statute.

The appellant herein relies upon *Gorelick* for the proposition that the compensation need not consist of money, and that any substantial benefit accruing to the driver will be sufficient if it be motivating and not merely incidental in character. The appellant argues the primary interest to be promoted on the trip in question was that of the appellee in finding Cecil.

The appellant relies on the fact she would not have gone alone to find Cecil (citing *Pilcher v. Erny,* supra). The appellant also relies on *Gorelick* for the proposition that "where the transportation . . . is primarily to promote some interest of the driver, the passenger is not a guest." (p. 622.) The appellant argues friendship and sociability were not the primary basis for the appellant's being in appellee's car; that the appellee was not primarily inter-

ested in the appellant's companionship, because the appellant was always taken directly and immediately home as soon as Cecil was located.

The appellant argues the only testimony before the court indicates the appellee would not have gone alone, that the sole objective of the trip was to find Cecil, and the motivating force of the trip was to use the appellant as a decoy because young ladies do not track down their boy friends without exercising a ruse. When the appellant had provided that ruse she was dropped at her home. It is then argued:

"As the only testimony before the Court indicates (1) that the motivating cause of the trip was to find Cecil and to win a car-wash bet by using appellant to assist in the washing process, (2) that the person who benefited from the trip was the appellee, and (3) that the consideration for the trip was the physical presence of the appellant as a decoy and washing assistant, several fact questions remain to be resolved by a jury."

Under our decisions we fail to see merit in the appellant's position. If it is robust to say on the record here presented the venture was for the mutual social pleasure and benefit of the parties, then at least the benefit accruing to the appellee was purely a social benefit and insufficient to remove the bar of the guest statute.

Here the trip involved no financial or mercenary motives between the parties. The two dimes contributed by the appellant to a vacuum machine used in the cleaning of the automobile were insignificant. Nowhere in the appellant's deposition testimony is there any indication or inference this contribution was in any way a motivating consideration for the presence of the appellant. This was nothing more than a friendly gesture between friends. (See *Bedenbender v. Walls,* supra.)

The appellant's assistance at the car wash, interpreted in the light of everyday practical human experience, was nothing other than reciprocal hospitality and social courtesy between friends. The appellee had on many occasions assisted the appellant in washing her vehicle and therefore she felt obligated to reciprocate. (See *Bedenbender v. Walls,* supra.)

The type of assistance the appellant contributed to the appellee in *"finding Cecil"* is insufficient to remove the case from the bar of the guest statute. The venture did not involve a mercenary or financial factor and it served no occupational or business purpose of the appellee.

The appellant places emphasis upon her own reluctance to go with the appellee, and asserts the only reason she made the trip arose from a sense of obligation to the appellee. This situation, it is claimed, does not give rise to a social relationship. The identical point was made in *Stiltner v. Bahner*, 10 Ohio St. 2d 216, 227 N. E. 2d 192, where the defendant became lonesome and asked the plaintiff to spend the night at the defendant's home. Several times the plaintiff refused the request, but finally accepted because she feared she might be evicted from her apartment which the defendant owned. In the opinion the Ohio Supreme Court stated:

"A reluctant guest may still be a guest within the meaning of the guest statute; and the fact, that the host-driver is much more interested in having the rider's social companionship than the rider is in giving that social companionship, cannot support a conclusion either that the rider is not a guest or that he is paying for his transportation." (pp. 219, 220.)

The reluctance of the appellant in the instant case to go with the appellee on the night in question has no bearing whatever on the question as to whether or not she was a guest on the trip. She was coaxed to accompany the appellee on a social trip, and her consent in no way changes the relationship of the parties from a host-guest relationship.

The judgment of the lower court sustaining the appellee's motion for summary judgment is affirmed.