No. 46,058

ROBERT W. CARRUTH, a minor by his father and next friend ARTHUR J. CARRUTH, III, *Appellant*, v. JAMES C. CUNNINGHAM, as father and next friend of JAMES R. CUNNINGHAM, *Appellee.*

(486 P. 2d 1401)

Opinion filed July 16, 1971.

*Charles Rooney, Sr.,* of Topeka, argued the cause, and *Charles Rooney, Jr.,* of Topeka, was with him on the brief for the appellant.

*Herbert A. Marshall,* of Marshall, Hawks, McKinney and Hundley, of Topeka, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

FROMME, J.: Plaintiff appeals in an action for personal injuries received as a passenger in a one car automobile accident. The appeal is from a summary judgment entered in favor of the defendant driver. The trial court considered the contents of the court file, the depositions of the parties, the arguments of counsel and the briefs

filed. It concluded as a matter of law that the plaintiff was a guest of the defendant within the meaning of K. S. A. 8-122b, that there was no evidence to support a claim of gross and wanton negligence against the defendant and that no genuine issue as to any material fact remained.

The plaintiff passenger and the defendant driver were the only persons in the car at the time the accident occurred. Both suffered serious injuries and neither could recall any details of the accident because of memory loss. There were no eyewitnesses available. It is understandable that no evidence could be discovered to support a charge of gross and wanton negligence. Counsel for plaintiff, as a result, has conceded the lack of any evidence to support the charge of gross and wanton negligence and has quite properly abandoned the same on appeal.

K. S. A. 8-122b provides:

"That no person who is transported by the owner or operator of a motor vehicle, as his guest, *without payment for such transportation,* shall have a cause of action for damages against such owner or operator for injury, death or damage, unless such injury, death or damage shall have resulted from the gross and wanton negligence of the operator of such motor vehicle." (Emphasis added.)

One general question remains for decision in this appeal. Was the plaintiff a guest within the meaning of the statute? There is no dispute in the depositions as to the events leading up to the accident. If plaintiff was a guest of the defendant the trial court was correct in entering a summary judgment in favor of defendant.

We turn now to the facts.

Plaintiff Carruth and defendant Cunningham were schoolmates in high school and had just completed their junior year. Cunningham owned an automobile. Carruth owned none. They had previously been together on social occasions and had driven around in Cunningham's car. On the night in question Carruth and a friend by the name of Danny Buxton were together at Carruth's home. They wanted to go across town to a "get together" at the home of another friend by the name of T. C. Sumpter. Carruth called Cunningham on the phone and asked him if he wanted to go to a party at T. C. Sumpter's house. Cunningham did and he stopped by and picked up Carruth and Buxton. After they were in the car and on their way, Cunningham said he was low on gas and he wondered if Carruth and Buxton could buy some gas for the car. They did so. Each put up twenty-five cents and the gas was purchased.

After "getting together" at T. C. Sumpter's house they decided to ride around. The four young men rode around for a while, stopping for something to eat at McDonald's and for cigarettes at Tilton's Market. Later they returned to the Sumpter home. Sometime later Cunningham and Carruth decided to leave and look for girls. They headed for the Collins Drive-In on West 10th (6th) Street.

Because of memory loss occurring from their head injuries neither young man could remember any further events of the evening. They were both seriously injured and the car demolished. The car hit a concrete abutment on West 10th Street just south of Gage Park in Topeka.

In plaintiff's deposition he testified it was more or less customary for the boys to buy gas for the automobile if they rode with someone else.

In Kansas we have a long line of cases construing the guest statute. These cases are collected in the case annotations appearing under the statute and the supplement.

Whether a person is a "guest" within the meaning of K. S. A. 8-122b depends upon the facts and circumstances of the particular case. (See *Gorelick v. Ernstein,* 200 Kan. 619, 438 P. 2d 93; *Lightcap v. Mettling,* 196 Kan. 124, 409 P. 2d 792; *Flynn v. Allen,* 187 Kan. 578, 358 P. 2d 734; *Ehrsam v. Borgen,* 185 Kan. 776, 347 P. 2d 260 and *In re Estate of Dikeman,* 178 Kan. 188, 284 P. 2d 622.)

In *Bedenbender v. Walls,* 177 Kan. 531, 280 P. 2d 630, it was held:

"In determining the question whether a person is or is not a 'guest' within the meaning of the statute, among the many elements to be considered are the identity and relationship of the parties; the circumstances of the transportation; the nature, type and amount of 'payment'; the benefits or advantages resulting to the respective parties growing out of the transportation; whether the 'payment,' of whatever nature, constituted a tangible benefit to the operator and was the motivating influence for furnishing the transportation; and the nature and purpose of the trip." (Syl. ¶ 4.)

In the recent case of *Rothwell v. Transmeier,* 206 Kan. 199, 477 P. 2d 960, it was pointed out any substantial benefit accruing directly to the driver from the transportation of a passenger may be sufficient to constitute compensation if it be motivating and not merely incidental in character; but social benefits and pleasures, whether mutual or otherwise, are insufficient to obviate the provisions of the guest statute. In the *Rothwell* case two young women were looking for a boy friend of the driver. In the course

of the excursion the passenger supplied a "couple of her dimes" to operate a vacuum cleaner to clean the car. The two dimes were furnished merely as a social amenity. This money was held not to transform the passenger's status into that of a passenger "for pay."

We cannot distinguish the Rothwell case or the case of *Bedenbender v. Walls*, supra, from the present case. In *Bedenbender* as here the facts show a situation of common everyday experience—that of a social courtesy between friends when the undertaking is for mutual social pleasure. The mutual benefits flowing to the driver and the passenger are of a social nature. The purchase of gasoline is nothing more than a social amenity and is not a motivating influence for the trip.

In the present case the trip was purely social in nature and in addition no definite trip or route was planned in advance. The two young men were merely riding around in Topeka. They drank, they ate, they purchased cigarettes and they looked for girls.

When the purpose of an automobile excursion is purely for social purposes, mutual pleasure and the enjoyment of the parties, an incidental payment for gasoline by the person being transported does not constitute "payment for such transportation" within the meaning of the statute.

The facts of this case lead to one conclusion, the ill-fated trip was a sociable excursion in the high school tradition in which the element of compensation (50 cents worth of gas) was not a motivating factor. Accordingly the trial court did not err in entering a summary judgment in favor of defendant and its judgment is affirmed.