No. 46,657

Mark Mendenhall, *Appellant*, v. Delwin F. Rose, *Appellee*.

(504 P. 2d 155)

Opinion filed December 9, 1972.

*Lawrence McDonough* and *Emmet A. Blaes*, of Jochems, Sargent and Blaes, of Wichita, were on the brief for the appellant.

*Darrell D. Kellogg*, of Kahrs, Nelson, Fanning, Hite and Kellogg, of Wichita, was on the brief for the appellee.

*Per Curiam:* This is an action to recover damages for personal injuries sustained by plaintiff, Mendenhall, while riding as a passenger in an automobile driven by defendant, Rose. The trial court, after hearing arguments of counsel, considered the pleadings, the depositions, the admissions, the statements contained in the affidavits, and entered summary judgment in defendant's favor—ruling there was no genuine issue as to any material facts on the controlling issue of the guest statute; and found as a matter of law that plaintiff was a guest within the meaning of K. S. A. 8-122b.

Plaintiff and defendant were friends, plaintiff being a student at Northwestern College in Alva, Oklahoma, and defendant being employed at the Co-op there. Plaintiff would travel to Wichita to visit his parents and defendant would go along to have fun. They had traveled together on previous occasions and would alternate taking each other's car; the person driving would pay the expenses. Sometimes defendant would stay at plaintiff's parents' home where he would take some meals.

On February 14, 1969, defendant and plaintiff decided to go to Wichita and defendant was driving his automobile. In the course of the journey an accident occurred and plaintiff suffered injuries.

Plaintiff stipulated at pretrial conference that he was proceeding on the theory of ordinary negligence. His position is that he and defendant were parties to a "share-the-ride" agreement which constituted compensation to defendant and such was sufficient to remove plaintiff from the guest statute, and he relies upon *Sparks v. Getz*, 170 Kan. 287, 225 P. 2d 106; and *Ehrsam v. Borgen*, 185 Kan. 776, 347 P. 2d 260.

Plaintiff argues that, even if the understanding that they would take turns driving and the driver at the time would pay for the gas and oil did not amount to the equivalent of payment for transportation, the fact that defendant on occasions stayed at plaintiff's parents' home—enjoyed free board and room—constituted a method of payment and a benefit to defendant removing him from the protection of the guest statute.

We cannot adopt plaintiff's theory of the case. The cases plaintiff relies upon are not in point since they deal with arrangements for going to and from work, which promoted tangible mutual interests. They also reflect business transactions which motivated the trips.

We believe that, under the undisputed facts, the case is controlled by *Rothwell v. Transmeier*, 206 Kan. 199, 477 P. 2d 960, where we held:

"Under K. S. A. 8-122b and our Kansas decisions, furthering the mutual interests of the parties is not necessarily sufficient to remove the passenger from the status of a guest, unless some business aspect is present. Social benefits and pleasures, whether mutual or otherwise, are insufficient to escape the guest statute." (Syl. ¶ 6.)

See also, *Carruth v. Cunningham*, 207 Kan. 781, 486 P. 2d 1401, the most recent decision on the question involved, wherein we held:

"When the purpose of an automobile excursion is purely for social purposes, mutual pleasure and the enjoyment of the parties, an incidental payment for gasoline by the person being transported does not constitute 'payment for such transportation' within the meaning of the statute." (Syl. ¶ 3.)

From an examination of the record we can find no basis from which a jury could have found for plaintiff.

The undisputed facts simply lead to but one conclusion, *i. e.*, the unfortunate trip was a social journey in which the subject of compensation was not a motivating factor, but was merely a courtesy that friends extend to one another. Consequently it follows that the trial court properly ruled there was no genuine issue as to any material fact on the principal issue of the guest statute and did not err in granting summary judgment in favor of defendant.

The judgment is affirmed.